[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 17, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10534
Non-Argument Calendar
_____

D. C. Docket No. 03-00022-CR-JTC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRELL KIMSEY BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 17, 2006)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Darrell Kimsey Brown appeals his sentence of 195 months of imprisonment

for conviction of three drug and firearm offenses.  Brown argues that his sentence for two of the offenses is unreasonable because the district court did not properly account for the statutory sentencing factors.  18 U.S.C. § 3553(a).  We affirm.

Brown pleaded guilty to possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1), possession of a firearm by a convicted felon, 18 U.S.C. § 922(g), and discharge of a firearm during a drug trafficking crime, id. 924(c).  The presentence investigation report calculated a sentencing range under the Sentencing Guidelines of 84 to 105 months of imprisonment for counts one and two and a statutory mandatory minimum of 120 months of imprisonment for count three.  Brown objected to several of the upward departures recommended by the report.  The district court sustained two of the objections, which lowered the recommended range to 63 to 78 months of imprisonment for counts one and two.

Brown argued that he should be sentenced at the low end of the range because of his history of substance abuse and need for treatment.  The government replied that Brown's offense was serious and dangerous, his recidivism was increasing, he had failed to attend available drug counseling, and that there was a need for deterrence and to protect the public from Brown.  The district court sentenced Brown to 75 months of imprisonment for counts one and two and 120

months of imprisonment for count three, to be served consecutively.

We review a sentence imposed by the district court for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). Our "[r]eview for reasonableness is deferential." Id. at 788. Brown bears the burden of establishing that his sentence is unreasonable in the light of the record and the sentencing factors in section 3553(a). Id. "[O]rdinarily we would expect a sentence within the guidelines range to be reasonable." Id.

Brown argues that the sentence imposed by the district court for counts one and two was unreasonable because Brown accepted responsibility for his conduct, has a history of substance abuse that requires treatment, and did not have a history of violent behavior before the events at issue. Brown's arguments fail. The district court stated that it had considered Brown's arguments and the factors listed in section 3553(a). Id. at 786; United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). The district court explained that Brown's crimes were dangerous and that "all of the appropriate factors were considered by the Guideline determinations." Nothing in the record suggests that a 75-month sentence for counts one and two is unreasonable.

Brown's sentence is

**AFFIRMED.**